The opinion of the Court was delivered by
Manning, J.
The relator, having obtained a writ of injunction and given such bond as was required by the judge who granted the writ, and the injunction having been dissolved, prayed and was allowed an appeal from that judgment, but was required to give an appeal bond for two hundred and fifty thousand dollars, whereupon he applied to this Court for an alternative writ of mandamus and for a prohibition commanding the Judge to shew cause why he should, not he ordered to fix the bond in such reasonable sum, not including damages arising from or growing out of the issuance of the injunction, as is contemplated. by law.
The respondent shews for cause that the bond in such case was to be fixed by him within the limits of a sound judicial discretion, and lie considered the sum prescribed by him a just and proper one. The reasons which induced him to this conclusion are, that the relator had injoined the State Treasurer from investing in United States Bonds over six hundred thousand dollars of money deposited with the Fiscal Agent, which injunction had issued on a bond of two thousand dollars. Upon the dissolution of this injunction respondent deemed it his duty to fix a bond for a suspensive appeal in such sum as would save the State from any possible contingent loss.
The relator avers that he is deprived of his legal and constitutional right of appeal by the requirement of a bond which he alleges is unreasonable and excessive.
There are four classes of appeals: — 1, where there is judgment for a *1211 sum of money ; 2, where it is for the delivery of a specific thing; 3, for the delivery of real estate, ou all which, rules are given for ascertaining the amount of the appeal bond.. Code Prac., Arts. 575-7. The 4th comprises a large class of cases in which the amount of the bond rests entirely in the sound and reasonable discretion of the court. Ibid. Art. 574. That discretion must be reasonable and just, not absolute nor abitrary. It must be a sound judicial discretion.
We do not think the bond fixed in this case conforms to'this requirement.
A plaintiff in injunction must give bond when the writ is granted in a sum to be fixed by the judge, who must then determine, from the circumstances as disclosed in the petition, what sum will reasonably cover the damages that may be caused by the issuance of the writ, and should prescribe the amount, of the bond accordingly. The fact that his discretion is for the moment uncontrolled should make him especially vigilant over himself in estimating the possible damages. Of course men’s judgments will differ. What appears reasonable and sufficient to one is not so to another, and the present case illustrates the divergence in that respect. The judge who granted this injunction on a bond for two thousand dollars erred in one way, and the judge who fixed the amount of this appeal bond erred in the opposite way.
But when the injunction thus granted is dissolved without damages, the rule is that the party cast is required to give bond for appeal only for costs. Malain vs. Judge, 29 Ann. 794; State ex rel. Durand vs. Judge, 30 Ann. 285; State ex rel. Williamson vs. Judge, Ibid. 315; Bauer vs. Lochte, Ibid. 685; Stafford vs. Renshaw, 33 Ann. 444.
The injunction bond is the one which protects the party injoined from loss, and the signers thereof are responsible for the damages occasioned by the injunction. That was the object of that bond, and its sole condition. Cres. City Slaughter Ho. Comp. vs. Larrieux, 30 Ann. 741. It has been said with emphasis, when the judge granted the injunction he fixed the bond to cover the damages that might result therefrom. He had no authority to require other conditions than those prescribed by law in order that the relator might enjoy the constitutional right of appeal. There is no reason for a bond for damages other than the one given when the injunction was issued. State ex rel. Roudanez vs. Lynch, 28 Ann. 517.
There have been exceptional cases however in which this Court felt justified in requiring a bond for a larger sum than the costs, and additional to the injunction bond. Instances are to be found in State vs. Judge, 19 La. 171-3; State ex rel. Coons vs. Judge, 27 Ann. 334, which may be consulted to ascertain the particulars of each case. The *1212 relator in this case claims to own bonds of this State for $75,000, and his injunction was to prevent the conversion of the moneys in the State Treasury into TJ. S. Bonds to such extent as would imperill his interests, alleging that an investment in U. S. Bonds would he at a great premium, and their value hereafter would depend upon tho uncertain fluctuations of business, and the freedom of the U. S. Government from foreign or domestic troubles. The fluctuation in value of those Bonds, to the amount lie holds of State Bonds, can scarcely bo more than teu thousand dollars.
We think the relator is entitled to have liis appeal bond fixed in a sum which will reasonably cover the costs, but following the precedents of tho two cases above cited, and recognizing- this case as exceptional, we think it our duty to require that the relator shall file, besides Ms appeal bond, Ms bond with surety for ten thousand dollars conditioned to pay all such damages as shall have been sustained by tho injunction heretofore obtained in case it should bo decided that such injunction was wrongfully obtained, and illegally kept in force. Therefore,
It is ordered and decreed that the mandamus bo made peremptory, and the prohibition perpetuated, whereby the respondent is ordered to fix the amount of the appeal bond in such sum as will reasonably cover tho costs whenever the relator shall file Ms other bond as above prescribed conditioned as set forth herein, and that respondent pay the costs hereof.